## Blakely v. Blakely.

## Cochran v. Cochran.

(Decided Nov. 15, 1935.)

HIRAM H. OWENS for appellants.

J. B. CAMPBELL for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

These two appeals are prosecuted on the same record and from the same judgment, although involving distinct causes of action. At its February term in 1933, the Knox circuit court entered a judgment of absolute divorce in favor of the appellee, Nora Blakely, against the appellant, Robert Blakely. At the same term a similar judgment of divorce was granted the appellee, Sarah Cochran, from Roy Cochran. In each of the judgments it was provided that the plaintiff recover permanent alimony of $35 per month from the defendant so long as she remains single "and demeans herself in a proper manner." It may be said in passing that the two appellees here are sisters, and that their causes of action for divorce arose out of the same factual situation. In February, 1934, a motion was filed in each of the divorce cases to stop the payment of alimony on the ground that the plaintiff had not demeaned herself in a proper manner. The same evidence was relied on in each case, and the court permitted the two

motions to be heard together, and entered one judgment overruling both motions. Pending the hearing of the motions, each of the plaintiffs filed motions for rules to show cause why the defendants should not be punished for contempt in failing to make payment of overdue alimony. In the same judgment referred to above, the court, in pursuance of plaintiffs' motions, directed that the defendants be imprisoned until purged of their contempt of the rule.

A considerable amount of proof was introduced by the appellants in an effort to show that the appellees had been improperly consorting with men and making themselves a nuisance in the neighborhood in which they lived by loud talking and noisy parties. Nothing is to be gained by a recitation of the statements of witnesses, which, construed most strongly in favor of appellants, do nothing more than raise a suspicion of guilt, and are thoroughly answered in the evidence introduced by appellees in response to the motions. It could not have been the intention of the judgment, authorizing the payment of alimony so long as the plaintiffs demeaned themselves in a proper manner, that the plaintiffs must thereafter emulate St. Simeon Stylites if they wanted their alimony to continue. Appellees are at liberty to behave themselves as any other unmarried women might with propriety do, and the fact that they may be seen on the streets with men or may even give parties in the apartment where they reside is no evidence of itself of improper behavior. There is an obvious difference between testimony as to improper conduct and testimony from which a highly suspicious person might infer improper conduct. The latter is all that we have here. The conclusion of the chancellor was the only one to be reached on the evidence.

Judgment affirmed.